KEVIN B. CHRISTENSEN, CHTD.
Kevin B. Christensen, Esq.
Nevada Bar #000175
Evan L James, Esq.
Nevada Bar #007760
7440 W. Sahara Avenue
Las Vegas, NV 89117
(702) 255-1718 Office
(702) 255-0871 Facsimile
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| D. Taylor and Mike Sloan as Trustees for the following Trusts: The Trustees of the Hotel Employees and Restaurant Employees International Union Welfare Fund and the Trustees of the Southern Nevada Culinary and Bartenders Pension Trust,<br><br>Plaintiffs,<br><br>v.<br><br>RLW, Inc., a Nevada corporation; Michael K. Loyd, an individual; Jackie Robinson, an individual; Kay D'Acuisto, an individual; and John Does I-V and Doe Corporations I-V, inclusive,<br><br>Defendants. | Case No. _____<br><br>Complaint for Breach of Contract, Injunctive Relief, Audit, and Fiduciary Breach Violations of ERISA [29 U.S.C. §§ 1002, 1104, 1109, 1132] |

COME Now the D. Taylor and Mike Sloan as Trustees of the Hotel Employees and Restaurant Employees International Union Welfare Fund ("Welfare Fund") and the Southern Nevada Culinary and Bartenders Pension Trust ("Pension Trust") (hereinafter collectively "Plaintiffs" or "Trust Funds"), by and through their attorneys, Kevin B. Christensen, Chartered, and for their claims against the above-named Defendants, and each of them, allege as follows:

1. The Trust Funds were created and now exist pursuant to Section 302(c) of the Labor Management-Relations Act of 1947 as amended [29 U.S.C. Section 186(c)]. The Trust Funds are each part of a multi-employer plan as defined in ERISA Section 3(37)(A) and as used in ERISA Sections 515 and 502(g)(2), as amended [29 U.S.C. Sections 1145, 1132(g)(2)].

2. This Court has jurisdiction of this case pursuant to 29 U.S.C. § 132(e)(1) and § 301 (a) of the Labor-Management Relations Act of 1947 as amended [29 U.S.C. § 185(a)] and § 502(e) of the Employee Retirement Income Security Act of 1974 as amended [29 U.S.C. § 1132(e)(1)].

3. At all times relevant hereto, the Trust Funds are informed, believe, and thereon allege the following jurisdictional and other matters:

   A. that RLW, Inc., which has been or may have been doing business and RLW-EMC, Inc., ("RLW" or "Employer") is a Nevada corporation doing business in Clark County, Nevada;

   B. that Michael K. Loyd ("Loyd") is a resident of Clark County, Nevada and an officer, director, or individual whose employment duties with RLW required decision making regarding the payment of funds and monies from RLW to the Trust Funds;

   C. that Jackie Robinson ("Robinson") is a resident of Clark County, Nevada and an officer, director, or individual whose employment duties with RLW required decision making regarding the payment of funds and monies from RLW to the Trust Funds;

   D. that Kay D'Acuisto ("D'Acuisto") is a resident of Clark County, Nevada and an officer, director, or individual whose employment duties with RLW required decision making regarding the payment of funds and monies from RLW to the Trust Funds.

## FIRST CAUSE OF ACTION
[Breach of Contract–29 U.S.C. § 1132]

4. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 3, as though set forth hoc verba.

5. The individual Trustees/Fiduciaries listed as Plaintiffs are trustees and/or fiduciaries for purposes of ERISA.

6. The Trust Funds are express trusts created pursuant to certain written Agreements and Declarations of Trust (hereinafter "Trust Agreements"), between the Local Joint Executive Board of the Culinary Workers Union, Local 226 and the Bartenders Union, Local 165 ("the Unions") and various employers and employer associations in the hospitality, hotel-casino, bartending and related industries in which the bargaining units of the Unions participate.

7. At all times material herein, the Unions have been labor organizations representing employees in the hospitality, hotel-casino and bartending industries in Southern Nevada, which are industries affecting commerce within the meaning of §301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

8. The Trust Funds are informed, believe and thereon allege that at all times material herein, Defendants Loyd, Robinson and D'Acuisto (collectively "Defendant Officers") were the controlling members, shareholders, managers, directors, officers, principals and key employees of RLW.

9. For purposes of liability to the Plaintiff Trust Funds, Loyd, Robinson and D'Acuisto are alter egos of RLW; as alter-egos, they are co-equally liable to the Plaintiffs; as alter-egos of each RLW, all allegations against one of them stated herein apply equally to all of them.

10. The true names and capacities, whether partnership, individual, corporate, associate or otherwise of Defendants JOHN DOES I through XX and ROE ENTITIES I through XX, inclusive, are unknown to Plaintiffs at this date; said Defendants are named herein by fictitious names, but may be responsible or liable to the Plaintiffs by virtue of the actions hereinafter described; Plaintiffs reserve the right to amend the Complaint to insert any additional charging allegations, together with the true identities and capacities of said Defendants, when the same have been ascertained.

11. RLW executed a Collective Bargaining Agreement with the Union whereby RLW agreed to be bound by certain terms and conditions ("CBA"). RLW agreed to abide by the terms and provisions of each of the Trust Agreements by signing the CBA.

12. At all times relevant herein, RLW has been obliged to the terms and provisions of the CBA and the Trust Agreements.

13. At all times material herein, RLW was obligated by the CBA and Trust Agreements to submit written reports to the Trust Funds on a timely basis showing the identities of its employees performing work covered by the CBA, and the number of hours worked by or paid to these employees. Further, RLW promised that it would pay fringe benefit contributions to the Trust Funds on a monthly basis and at specified rates for each hour worked by or paid to its employees covered by the Trust Agreements and CBA. At all times material herein, RLW was obligated to submit said monthly reports and pay said contributions to the Trust Funds at on or before a specified day of each month following the work month in which hours of work covered by the CBA or the Trust Agreements were performed.

14. According to the CBA, the Trust Agreements and controlling legal authorities including <u>Central States Trust Fund v. Central Transport</u>, 472 U.S. 559 (1985), RLW must permit the Trust Funds' auditors to conduct audits of its payroll and related records in order to determine if fringe benefit contributions have been properly paid to the Trust Funds.

15. The Trust Funds are informed, believe and thereon allege, that they have the right to have auditors audit RLW's records and that any refusal to allow for the audit is a breach of contract. The Trust Funds therefore have a right to conduct an audit of RLW's records.

16. The Trust Funds are informed, believe and thereon allege, that RLW has violated the terms of the CBA and the Trust Agreements by failing to pay certain fringe benefit contributions and/or contract damages, plus accruing interest, liquidated damages, attorney's fees and costs as specifically required by the CBA and any amendments thereto ("Delinquency").

17. By the CBA, Trust Agreements, and Title 29 U.S.C. § 1132(g)(2), RLW agreed to be and was deemed contractually delinquent when it failed to pay contributions and/or other contract damages, interest, liquidated damages, attorney's fees and costs when due. RLW is delinquent to the Trust Funds and is obligated to pay to the Trust Funds liquidated damages and interest on the amounts due. The Trust Funds allege that liquidated damages and interest are due to the Trust Funds by RLW's in an amount to be established by proof at trial herein.

18. By the CBA and Trust Agreements, RLW also agreed that in the event of a delinquency, it would pay all court costs and/or audit costs incurred in connection therewith, whether before or after litigation is commenced.

19. It has been necessary for the Trust Funds to engage the law firm of Kevin B. Christensen, Chtd. to collect any and all amounts due. Pursuant to the CBA, Trust Agreements and Title

20. 29 U.S.C. § 1132(g) (2), the Trust Funds are entitled to recover their reasonable attorney's fees.

20. Pursuant to Title 29 U.S.C. § 1132(g) (2), RLW owes the Trust Funds accrued interest at the rates established pursuant to Title 26 U.S.C. § 6621 on all unpaid contributions and damages from the dates the sums were originally due to the Trust Funds to the date of judgment and thereafter, until paid in full. The amount of said interest will be established by proof at trial.

## SECOND CAUSE OF ACTION
[Injunctive Relief – 29 U.S.C. § 1132(a)(3)]

21. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 20 as though set forth hoc verba.

22. That the actions of RLW in failing to timely submit reports and pay required contributions, as described herein, or in failing to permit the Trust Funds to audit RLW fringe benefit contribution history constitute violations of ERISA [29 U.S.C. §1001 et seq.].

23. That the contract breaches and violations of ERISA identified above harm the Trust Funds and place at risk the Trust Funds' ability to provide required employee benefits to their beneficiaries.

24. That Trust Funds' remedies at law are not sufficient to adequately compensate the Trust Funds or their beneficiaries from past harm caused by said violations, or to protect them from harm or the threat of harm caused by similar future violations.

25. That the Trust Funds are likely to prevail on the merits of their claims.

26. That in addition to a Court Order compelling Defendants to pay to Plaintiffs all past due contributions, wages and related damages, Plaintiffs are also entitled to a Court Order

enjoining the Defendants from failing to timely submit reports, from failing to fully cooperate with any audits deemed necessary and/or appropriate by the Plaintiffs in the future, and from failing to timely pay to the Trust Funds and Union Members all future contribution amounts owed and wages earned, as they become due.

## THIRD CAUSE OF ACTION
[Breach of Fiduciary Duty – 29 U.S.C. §§ 1002, 1104, 1109]

27. Plaintiffs repeat, restate and reallege the allegations contained in paragraphs 1 through 26 of their Complaint, as though set forth herein hoc verba.

28. The Trust Funds are informed, believe, and thereon allege that the Defendant Officers and one or more of the DOE and ROE Defendants ("Fiduciary Defendants") exercised authority and control relating to the management or disposition of Trust Funds' assets established pursuant to the terms and provisions of the CBA, the Trust Agreements and 29 C.F.R. § 2510.3-102. The Fiduciary Defendants are therefore fiduciaries for the purposes of ERISA.

29. The actions of Fiduciary Defendants in failing to make required contributions to the Trust Funds materially harmed the Plaintiff Trust Funds, placed the beneficiaries of the Trust Funds at risk with regard to their benefits and constitute a breach of their respective fiduciary duties to the Plaintiff Trust Funds and their beneficiaries.

30. The Plaintiff Trust Funds are entitled to recover a sum equal to the RLW's Delinquency from the Fiduciary Defendants and to obtain payroll and related records necessary to complete a compliance audit of RLW.

31. The Fiduciary Defendants breached their fiduciary duties by failing to pay fringe benefit contributions (Trust Fund Assets) to the Trust Funds.

32. As a direct and proximate result of the failure to pay and a breach of fiduciary duty alleged herein, the Trust Funds and the beneficiaries have lost Trust Fund Assets and benefits.

33. The Defendant Officers are liable to pay and restore the Trust Fund Assets to the Trust Funds.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants named above, and each of them, as follows:

1. for a Judgment in a principal amount to be proven at trial;

2. for liquidated damages in an amount proved at trial;

3. for accrued interest;

4. for attorney's fees incurred herein;

5. for costs of suit and audit costs incurred herein;

6. for the Court's Order compelling Defendants to deliver to the Trust Funds all papers, information and documents necessary to allow the Trust Funds to perform a compliance audit;

7. for the Court's Order enjoining Defendants from failing to timely submit reports and from failing to timely pay to the Trust Funds future contribution amounts, as they become due, consistent with the CBA and the Trust Agreements;

8. for such additional relief as may be provided for by 29 U.S.C. § 1332(g); and

9. for such additional relief as the Court may deem just and proper.

DATED this 9th day of February, 2007.

KEVIN B. CHRISTENSEN, CHTD.

By: __/s/ Evan L. James__
Evan L. James, Esq.
7440 W. Sahara Ave.
Las Vegas, Nevada 89117
Attorneys for Plaintiffs

8